UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELVIS JOSE PIMENTEL ORTEGA,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No.  1:25-cv-01856-DAD-CSK

ORDER DIRECTING SUPPLEMENTAL BRIEFING IN LIGHT OF THE GRANTING OF PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

(Doc. No. 20)

On February 10, 2026, petitioner filed a notice regarding his signing of voluntary departure paperwork in which he indicated that he had signed such paperwork "under duress." (Doc. No. 20 at 1.)  On February 13, 2026, the court construed this notice as a motion for a temporary restraining order.  (Doc. No. 22.)  Accordingly, because of the exigency of this matter, the court ordered respondents to not take action to transfer of petitioner out of the Eastern District of California or remove him from the United States until further order from the court.  (*Id.* at 2.) The court further directed respondents to file an opposition to petitioner's motion for a temporary restraining order no later than February 17, 2026 at 5:00 PM.  (*Id.*)  Also on February 13, 2026, the assigned magistrate judge granted petitioner's motion for appointment of counsel and served the Federal Defender Habeas Unit with a copy of the petition.  (Doc. No. 21.)  To date, no counsel has appeared on behalf of petitioner.

1

On February 17, 2026, respondents filed their opposition to the pending motion for temporary restraining order. (Doc. No. 23.) In that opposition, respondents argue first that this court lacks jurisdiction to consider a challenge to plaintiff's acceptance of voluntary departure pursuant to 8 U.S.C. §§ 1252(a)(5) & (g) because that voluntary departure has become a final removal order. (*Id.* at 3–4.) The Supreme Court has held that the jurisdictional bar contained in 8 U.S.C. § 1252(g) narrowly to apply to the "three specific actions" of the Attorney General "commenc[ing removal] proceedings, adjudicate[ing] cases, [and] execut[ing] removal orders[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Two district courts in this circuit have considered claims for violation of due process related to allegations of coerced signatures of voluntary departure forms. *See Cruz Garcia v. Hermosillo*, No. 2:26-cv-00184-TMC, 2026 WL 183571, at *2 (W.D. Wash. Jan. 23, 2026); *see also Cruz Uitz v. Noem*, No. 25-cv-06420-MWF-AJR, 2025 WL 2995008, at *5, 9 (C.D. Cal. Sept. 23, 2025) (finding that the relief sought was not barred by § 1252(g) and subsequently considering the plaintiff's coerced voluntary departure claim). Moreover, petitioner filed his notice indicating that he sought to withdraw his voluntary departure form on February 10, 2026 (Doc. No. 20), which is two days prior to the expiration of the voluntary departure period on February 12, 2026 (*see* Doc. No. 15-1 at 15). *See Bonilla v. Bondi*, No. 2:26-cv-00757-NJC, 2026 WL 395423, at *3 (E.D.N.Y. Feb. 12, 2026) (finding that the petitioner validly withdrew his voluntary departure request prior to the expiration of his voluntary departure period) (citing *Dada v. Mukasey*, 554 U.S. 1, 21 (2008) (holding that a non-citizen may withdraw a request for voluntary departure at any time before expiration of the departure period)). The parties have not yet addressed whether petitioner's notice constitutes a withdrawal of his request for voluntary departure. As a result, the court is not persuaded at this time that it lacks jurisdiction to consider petitioner's motion for temporary restraining order.

Respondents next argue that petitioner has not demonstrated duress and in support of that contention has filed a supplemental declaration by an Immigration and Customs Enforcement ("ICE") officer who supervises the voluntary departure program and purportedly spoke with petitioner regarding voluntary departure. (Doc. Nos. 23 at 4–6; 24 at ¶¶ 1–2, 9.) However, the court notes the paucity of the factual record before it due to petitioner's former *pro se* status. In

2

light of the assigned magistrate judge granting petitioner's motion for the appointment of counsel, the court determines that its evaluation of petitioner's basis for asserting that his signature on a voluntary departure form was coerced would be aided by supplemental briefing by the parties.

For the reasons above,

1.    Petitioner is AUTHORIZED and DIRECTED to file a reply brief in support of his motion for temporary restraining order (Doc. No. 20) no later than fourteen (14) days after the appearance of counsel on his behalf in this action;

2.    Respondents are AUTHORIZED to file a sur-reply no later than seven (7) days after the filing of petitioner's reply; and

3.    This order does not affect the court's February 13, 2026 order regarding transfer and removal and that order remains in full force and effect.

IT IS SO ORDERED.

Dated:    **February 19, 2026**                    _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3