UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELVIS JOSE PIMENTEL ORTEGA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:25-cv-01856-DAD-CSK<br><br>ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 20) |

This matter is before the court on petitioner's notice that he signed voluntary departure paperwork "under duress" which the court has construed as a motion for a temporary restraining order. (Doc. Nos. 20, 22.) On February 20, 2026, the court set a briefing schedule with respect to petitioner's motion in light of the appointment of counsel for petitioner. (Doc. No. 26.) On March 16, 2026, petitioner filed his reply in support of his motion and on March 23, 2026, respondents filed their sur-reply. (Doc. Nos. 30, 31.)

In their sur-reply, respondents appear to concede that petitioner voluntarily withdrew his request for voluntary departure in order to reopen his immigration case. (Doc. No. 31 at 1–2.) However, respondents contend that, in so doing, the removal order entered by the immigration judge on January 13, 2026, following petitioner's agreement to that voluntary departure, became an "alternate" final removal order. (*Id.*; *see also* Doc. No. 15-1 at 15–16 (immigration judge's

1

removal order).)  Accordingly, respondents argue that petitioner is currently subject to the initial 90-day mandatory detention period for removal pursuant to 8 U.S.C. § 1231.  (Doc. No. 31 at 1–2.)  The regulations promulgated at 8 C.F.R. § 1240.26(b)(3)(iii) support respondent's contention. That regulation provides that "[i]f the alien files a post-decision motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall be terminated automatically, and the alternate order of removal will take effect immediately." 8 C.F.R. § 1240.26.[1]  The Supreme Court explained this procedure in *Dada v. Mukasey*, 554 U.S. 1, 21 (2008):

> We hold that, to safeguard the right to pursue a motion to reopen for voluntary departure recipients, the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen.  As a result, the alien has the option either to abide by the terms, and receive the agreed-upon benefits, of voluntary departure; or, alternatively, to forgo those benefits and remain in the United States to pursue an administrative motion.

> If the alien selects the latter option, he or she gives up the possibility of readmission and *becomes subject to the IJ's alternative order of removal*.  The alien may be removed by the DHS within 90 days, even if the motion to reopen has yet to be adjudicated.  But the alien may request a stay of the order of removal, and, though the BIA has discretion to deny the motion for a stay, it may constitute an abuse of discretion for the BIA to do so where the motion states nonfrivolous grounds for reopening.

Accordingly, petitioner appears to be subject to a final removal order and his detention is therefore governed by 8 U.S.C. § 1231.

Petitioner argues that he is not subject to mandatory detention under § 1231 because his agreement to voluntary removal was made under duress and coerced.  (Doc. No. 30 at 7–9.)  In essence, petitioner contends that this court has the authority in habeas proceedings such as this

---

[1]  Petitioner's letter, which the parties appear to agree for purposes of this habeas action constituted a withdrawal of his request for voluntary departure, purports to have been filed with the immigration court on January 28, 2026.  (Doc. No. 19.)  On January 28, 2026, 8 C.F.R. § 1003.38 provided that a notice of appeal must be filed within 30 calendar days of the entry of the order of removal.  *See* 8 C.F.R. § 1003.38 (2022).  Because more than 30 calendar days have passed since either the entry of the immigration judge's order, petitioner's voluntary departure withdrawal, or petitioner's voluntary departure deadline of February 12, 2026, that order of removal is final.  8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]").

2

one to vacate the immigration judge's removal order because that order was issued only due to petitioner being under duress.  The cases which petitioner cites in support of this proposition do not address an immigration judge's entry of an alternate order of removal that had become effective under 8 C.F.R. § 1240.26, do not address detention under 8 U.S.C. § 1231, and do not involve the vacating of an immigration judge's removal order (*id.*).  *See Cruz Garcia v. Hermosillo*, No. 2:26-cv-00184-TMC, 2026 WL 183571, at *2 (W.D. Wash. Jan. 23, 2026) (determining that the petitioner's voluntary departure agreement was obtained under duress but not addressing an immigration judge's removal order based on that agreement); *see also Bonilla v. Bondi*, No. 2:26-cv-00757-NJC, 2026 WL 485283, at *3 (E.D.N.Y. Feb. 20, 2026) (same).  The Ninth Circuit has held that under 8 U.S.C. § 1252, the district court lacks jurisdiction to hear indirect challenges to a removal order.  *Martinez v. Napolitano*, 704 F.3d 620, 622–23 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by [§] 1252(a)(5).").  Here, the relief petitioner seeks would necessarily require the court to find that the removal order issued in his case is invalid.  This court lacks jurisdiction to enter that relief. *Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010) ("If [the petitioner] obtains the relief he seeks, the order of removal entered by the IJ and affirmed by the BIA . . . would necessarily be flawed.  . . .  Accordingly, the district court properly dismissed [the petitioner's] complaint for lack of subject-matter jurisdiction.") (cited with approval by *Martinez*, 704 F.3d at 623).[2]

/////

/////

/////

/////

/////

---

[2]  Because the court has determined that petitioner is now properly detained pursuant to 8 U.S.C. § 1231, the court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *See Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

For the reasons above, petitioner's motion for temporary restraining order (Doc. No. 20) is DENIED.  The court hereby revokes its February 13, 2026 order prohibiting transfer or removal of petitioner pending the resolution of petitioner's motion.  This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **March 25, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4