UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JOSE PIMENTAL ORTEGA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:25-cv-01856 DAD CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is an immigration detainee, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, this Court recommends that this action be dismissed as moot.

On December 15, 2025, petitioner filed a petition for writ of habeas corpus challenging his immigration detention.  (ECF No. 1.)  On February 10, 2026, petitioner filed a document which the district court construed as a motion for a temporary restraining order.  (ECF Nos. 20, 22.)  On February 13, 2026, the district court ordered respondents not to transfer petitioner out of the Eastern District or to remove petitioner from the United States until further order of the court. (ECF No. 22.)  The district court ordered respondents to file a response to the motion for a temporary restraining order by 5:00 p.m. on February 17, 2026.  (Id.)  On March 26, 2026, after receiving briefing from both petitioner and respondents, the district court denied petitioner's motion for a temporary restraining order and revoked the February 13, 2026 order prohibiting the

1

transfer or removal of petitioner.  (ECF No. 32.)  The district court referred this matter to the undersigned for further proceedings.  (Id.)

On April 24, 2026, respondents filed a status report stating that petitioner was removed on April 6, 2026.  (ECF No. 37.)  On April 27, 2026, this Court ordered petitioner to show cause within ten days why this action should not be dismissed as moot.  (ECF No. 38.)  On April 28, 2026, petitioner filed a response to the order to show cause.  (ECF No. 39.)  Petitioner states that this action appears moot based on petitioner's removal.  (Id.)

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision."  Id.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]"  Id.  Given that petitioner has been removed, the Court finds that no case or controversy exists and the petition is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention.").

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

///

///

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 1, 2026

_____

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Orte1856.157.imm/2

3